**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | |
|---|---|
| **ELBERTA CRATE & BOX COMPANY,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action No.** |
| v. : | **6:05-CV-03 (HL)** |
| : | |
| **COX AUTOMATION SYSTEMS, LLC,** : | |
| : | |
| **Defendant.** : | |

**ORDER**

Before this Court is Defendant's Motion to Dismiss (Doc. 9). For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part.

**I. FACTS**

Plaintiff filed its Complaint on November 5, 2004, in the Superior Court of Decatur County, Georgia. Subsequently, Defendant removed the case to this Court. This case arises out of a contract for the sale by Defendant to Plaintiff of a "Cleat Inspecting and Packaging System" (the "System") that Plaintiff alleges failed to perform as warranted by Defendant. Plaintiff's Complaint sets forth the following claims: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) rescission for nonperformance; (4) breach of the implied warranty of merchantability; and, (5) attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

Defendant answered Plaintiff's Complaint and filed a contemporaneous Motion

to Dismiss as to all Counts in the Complaint except for Plaintiff's breach of contract claim. Defendant argues that the Complaint should be dismissed for failure to state claims upon which relief may be granted.

The contract at issue contains a choice of law provision, under which the parties agree that the substantive law of Illinois applies to this case. Plaintiff, however, does not agree that the choice of law provision applies to its request for attorney's fees, for which it desires the Court to apply Georgia law.

## II.   ANALYSIS

Defendant requests this Court to dismiss Counts II through V of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss does not test whether the plaintiff will prevail on the merits; it tests whether the Complaint has properly stated a claim upon which relief may be granted under the liberal notice pleading standard of Rule 8(a). United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003). Specifically, courts do not assess the veracity or weight of the evidence that might be offered in support of the complaint; rather, they merely determine whether the complaint is legally sufficient in giving notice to the opposing party of the claims presented. Sherman ex rel. Sherman v. Helms, 80 F. Supp. 2d 1365, 1368 (M.D. Ga. 2000).

At a minimum, notice pleading requires that a complaint contain inferential allegations from which a court can identify each of the material elements necessary to sustain a recovery under some viable legal theory. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). Under this standard, the facts must be accepted as true as they are alleged in the complaint, and courts must construe all reasonable inferences in the light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). If the facts as alleged in the complaint would

allow the plaintiff to recover under any possible theory, the motion to dismiss must be denied, regardless of whether they would allow recovery under the particular theory pleaded by the plaintiff. Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Conversely, a claim shall be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court shall analyze each of the contested Counts of Plaintiff's Complaint in turn.

### A.   Count II - Breach of the Covenant of Good Faith and Fair Dealing

Defendant argues that Illinois law does not recognize independent claims based upon breaches of any implied duties of good fath. Therefore, Defendant argues, Count II of Plaintiff's Complaint must be dismissed. While Plaintiff agrees that Illinois law does not provide for an independent claim of breach of duty of good faith and fair dealing, Plaintiff argues that Illinois law does allow for such a claim arising out of a breach of contract. Consequently, Plaintiff asserts, Count II does not set forth an independent claim of breach of duty of good faith and fair dealing. Rather, the claim is made in conjunction with Plaintiff's breach of contract claim set forth in Count I. In reply, Defendant clings to its argument that Count II is an improper independent claim and adds that even if it is not, Count II is nevertheless duplicative of the breach of contract claim and should be dismissed.

The Court finds that Count II must be dismissed. In Echo, Inc. v. Whitson Co., the court held, "The proper place for [an] implied covenant argument was within a breach of contract claim, not standing alone as its own claim." 121 F.3d 1099, 1106 (7th Cir. 1997) (citing Indus. Specialty Chems., Inc. v. Cummins Engine Co., 902 F. Supp. 805, 811 (N.D. Ill. 1995); Stuart Park Assocs. Ltd. P'ship v. Ameritech Pension

Trust, 846 F. Supp. 701, 713-14 (N.D. Ill. 1994)).  For example, in Johnstone v. Bank of Am., N.A., an Illinois district court rejected the argument Plaintiff makes here.  173 F. Supp. 2d 809, 817-18 (N.D. Ill. 2001).  Specifically, the Johnstone court considered whether a party could set forth an independent claim for breach of duty of good faith under Illinois law in conjunction with a breach of contract claim also set forth in the complaint.  Under the precedent of, among others, Echo, the Johnstone court dismissed the independent duty of good faith claim because it was pleaded independently of the breach of contract claim when it should have been pleaded within it.  Id. at 818.

Though formalistic, under Echo any mention of a duty of good faith and fair dealing within the context of a breach of contract should be made within the confines of the Count referencing the breach of contract.  Therefore, Defendant's Motion to Dismiss regarding Count II is granted.  Should Plaintiff wish to amend its Complaint to reference the alleged breach of duty of good faith and fair dealing within the confines of its breach of contract claim, it may file a motion to do so under Federal Rule of Civil Procedure 15(a).

### B.    Count III - Rescission for Nonperformance

Defendant requests this Court to dismiss Count III of Plaintiff's Complaint for four reasons: (1) Plaintiff's request for recision is inconsistent with its breach of contract claim for damages; (2) Plaintiff fails to allege that it can return Defendant to the status quo; (3) Plaintiff fails to allege the tender of the machine in question to Defendant; and (4) Plaintiff failed to promptly notify Defendant of its intent to rescind.  The Court shall deal with each reason in turn.

#### 1.    Inconsistent Pleading

Defendant argues that Plaintiff's request for recision is inconsistent with the breach of contract claim.  In response, Plaintiff argues that Federal Rule of Civil

Procedure 8(e)(2) forecloses Defendant's inconsistent pleading argument. In reply, Defendant seems to abandon its inconsistency argument. Plaintiff has the better argument on this issue.

> Rule 8(e)(2) states the following:
>
> > A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

Fed. R. Civ. P. 8(e)(2). Under the plain language of Rule 8(e)(2), Defendant's argument lacks merit. Thus, to the extent Defendant requests this Court to dismiss Count III of Plaintiff's Complaint for inconsistency or pleading in the alternative, the request is denied.

### 2. Status Quo

Defendant argues that the Court should dismiss Count III because Plaintiff failed to allege status quo ante restoration, while Plaintiff argues that status quo ante restoration is inapplicable in this case. Defendant correctly asserts that under Illinois law "[t]o state a cause of action for rescission . . . a party must establish (1) substantial nonperformance or breach of the Agreement . . . and (2) that the parties can be placed in the status quo ante." Horbach v. Kaczmarek, 988 F. Supp. 1126, 1127 (N.D. Ill. 1997) (interpreting Illinois law). However, Plaintiff argues that:

> [W]here such restoration is impossible, however, it does not necessarily preclude granting of rescission. Restoration of the status quo ante will not be required when restoration has been rendered impossible by circumstances not the fault of the party seeking rescission, and the party opposing the rescission has obtained a benefit from the contract.

Int'l Ins. Co. v. Sargent & Lundy, 609 N.E.2d 842, 853 (Ill. App. Ct. 1993).

Plaintiff has the better argument on this issue. In its Response to Defendant's Motion, Plaintiff argues that paragraphs 21 through 32 of its Complaint alleged the "irrevocable damage" suffered by Plaintiff resulted from Defendant's failure to provide a workable product under the contract. Perhaps Plaintiff meant to use the word "irreparable" instead of "irrevocable" when describing the harm it suffered. Nevertheless, while paragraphs 21 through 32 mention damages that are neither specifically identified as irreparable or irrevocable, they do identify substantial losses including the loss of production, compensatory damages, and consequential damages.

While these damages do not seem to indicate that status quo ante restoration is impossible, under the 12(b)(6) standard of review, the Court construes all reasonable inferences in favor of Plaintiff. As such, Plaintiff's allegations do not necessarily preclude the impossibility of status quo ante restoration. Moreover, in Count III Plaintiff states that it desires to rescind the agreement by returning the System in exchange for a refund of the $628,612.55 Plaintiff paid to Defendant. In contrast to the argument presented in Plaintiff's Response, this statement suggests that a status quo ante restoration might be possible. Therefore, the Complaint seems to allow Plaintiff to recover under at least two possible theories. Of course, Defendant is free to attack Plaintiff's legal theory or factual assertions on a motion for summary judgment or at trial. However, at this point in the litigation, to the extent Defendant requests this Court to dismiss Count III on the issue discussed above, the request is denied.

### 3.     Tender of the Machine

Defendant also requests this Court to dismiss Count III because Plaintiff failed to allege tender of the System to Defendant. Citing In re Fahnders, 66 B.R. 94, 96 (Bankr. C.D. Ill. 1986) (interpreting Illinois law), Defendant specifically asserts that

when a party retains dominion over the property that is the subject of the contract, and accepts benefits therefrom, any right to rescind is lost. Plaintiff does not dispute this statement of law. However, Plaintiff argues that while it continues to exercise dominion and control over the machine, it has not, under the facts set forth in its Complaint, derived or ever derived benefits from the machine. Therefore, Plaintiff argues that it is legally entitled to rescind.

Drawing all reasonable inferences in favor of Plaintiff, Plaintiff's Complaint contains no error regarding this issue. Further, the Court finds that this is a factual issue that is properly decided either on a motion for summary judgment or at trial, not on a Rule 12(b)(6) motion. Therefore, to the extent Defendant requests this Court to dismiss Count III on this issue, the request is denied.

### 4. Notification of Intent to Rescind

Additionally, Defendant requests this Court to dismiss Count III because, allegedly, Plaintiff failed to promptly notify Defendant of its intent to rescind. Plaintiff responds that it did act promptly to notify Defendant of its intent to rescind. The Court finds that this also seems to be a factual issue best left to either a motion for summary judgment or a trial rather than a legal defect with Plaintiff's Complaint. Therefore, to the extent Defendant requests this Court to dismiss Count III due to lack of prompt notice to rescind, the request is denied.

### C. Count IV - Breach of the Implied Warranty of Merchantability

Defendant requests this Court to dismiss Count IV because Plaintiff failed to plead the elements necessary for a breach of implied warranty of merchantability claim. In response, Plaintiff argues that it has pleaded the necessary elements, as it has set forth facts to support such a claim. To state a claim for breach of implied warranty of merchantability, a plaintiff must allege: "(1) the defendant sold goods that were not

merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect." Indus. Hard Chrome, Ltd. V. Hetran, Inc., 64 F. Supp. 2d 741, 748 (N.D. Ill. 1999) (citing Illinois law). Under the liberal notice pleading standard applicable in federal court, the Court finds Plaintiff's Complaint is sufficient to state a claim for breach of implied warranty of merchantability. Thus, Defendant's Motion to Dismiss in regard to Count IV is denied.

### D. Count V - Attorney's Fees and Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11

Defendant requests this Court to dismiss Count V of Plaintiff's Complaint, in which Plaintiff requests attorney's fees and expenses of litigation. Specifically, Defendant argues that the parties have chosen to be governed by Illinois law and because Count V sets forth a cause of action created by Georgia law, it should be dismissed. In response, Plaintiff argues that the State of Georgia holds choice of law provisions inapplicable where the application of foreign State's law would contravene Georgia public policy. In essence, Plaintiff argues, with citation to no supporting authority, that failure to apply Georgia law to Count V would contravene Georgia's public policy. In reply, Defendant argues that the Georgia statute is substantive and should not be applied as a procedural exception to the choice of law provision. Defendant has the better argument on this issue.

Federal subject matter jurisdiction in this case is based on diversity of citizenship, and the forum state is Georgia. In exercising diversity jurisdiction, the Court engages in a two-step inquiry to determine if Georgia Code section § 13-6-11 is applicable. First, "the Court determines whether the matter at hand is procedural or substantive for Erie Railroad Co. v. Tompkins purposes. Pinkerton & Laws, Inc. v. Royal Ins. Co. of Am., 227 F. Supp. 2d 1348, 1357 (N.D. Ga. 2002) (citing Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938)). If the matter is procedural, federal law applies; if the matter is substantive, the forum state's law applies. Id. (citing Erie,

304 U.S. at 78). Second, if the matter is substantive, the Court will examine the substantive law of the forum state, which includes its choice of law rules, to determine the applicable substantive law. Id. (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). The two steps outlined above are independent of each other. In other words, finding that a matter is substantive or procedural for Erie purposes does not compel the same characterization for choice of law purposes. Id. (citing Sun Oil Co. v. Wortman, 486 U.S. 717, 726 (1988)).

### 1.     Substantive for Erie Purposes

Generally, statutes allowing for recovery of attorney's fees are substantive for Erie purposes. Id. (citing McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001); All Underwriters v. Weisberg, 222 F.3d 1309, 1311-12 (11th Cir. 2000) (holding Florida statute which allowed an insured or named beneficiary under an insurance policy to recover attorney's fees upon judgment in insured's favor was substantive for Erie purposes)). The Supreme Court of the United States has stated:

> [I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.

Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975) (internal citation and quotation marks omitted). While the Court has found no case distinguishing § 13-6-11 as substantive or procedural under Erie, a district court in the Northern District of Georgia distinguished Georgia Code § 33-4-6, a bad faith penalty provision that imposes attorney's fees, as substantive under Erie. Pinkerton, 227 F. Supp. 2d at 1357. Though not on all fours with this case, the Court finds Pinkerton to be persuasive on this issue, and finds § 13-6-11 to be substantive under Erie. Consequently, the Court analyzes Georgia's choice of law rules to determine whether § 13-6-11 applies to this case.

### 2. Georgia's Choice of Law Rules do not Mandate the Application of § 13-6-11 in this Case.

Section 13-6-11 is substantive for purposes of Erie, and thus applicable unless the laws of a state other than Georgia should be applied to the issues in this case. Accord id. (citing Turpentine & Rosin Factors v. Travelers Ins. Co., 45 F. Supp. 310, 317-18 (S.D. Ga. 1942)). The parties have conceded Illinois substantive law applies here under a contractual choice of law provision. In the absence of contrary public policy, Georgia state courts normally enforce contractual choice of law provisions. Carr v. Kupfer, 296 S.E.2d 560, 562 (Ga. 1982). Therefore, Plaintiff must demonstrate that failing to apply § 13-6-11 would contravene Georgia's public policy. Plaintiff is not persuasive in its attempt.

Citing no authority, Plaintiff asserts that § 13-6-11 is not compensatory; rather, it is punitive in nature and reflects Georgia's policy to punish a party for bad faith and stubborn litigiousness. Plaintiff is wrong. The Supreme Court of Georgia held that § 13-6-11 "is not intended to penalize or punish, but to compensate an injured party for the costs incurred as a result of having to seek legal redress for the injured party's legitimate grievance." Forsyth County v. Martin, 610 S.E.2d 512, 516-17 (Ga. 2005) (citing City of Warner Robins v. Holt, 470 S.E.2d 238 (Ga. 1996)). Thus, contrary to Plaintiff's argument, an award under § 13-6-11 does not further a Georgia public policy to punish or penalize.

Consequently, Plaintiff has failed to advance a legally sound argument that the parties' choice of law provision violates Georgia's public policy. Therefore, the choice of law provision electing Illinois substantive law governs, and under Illinois' substantive law, Georgia Code § 13-6-11 is inapplicable. As a result, Count V is dismissed. Accord Kinnick v. Textron Financial Corp., 422 S.E.2d 303, 303 (Ga. Ct. App. 1992) (upholding application of foreign State's choice of law provision when party cited no public policy contravened in regard to enforcement of a lease of guarantee).

**III.    CONCLUSION**

Defendant's Motion to Dismiss (Doc. 9) is granted in part and denied in part. Specifically, Counts II and V shall be dismissed, and Counts III and IV shall remain.[1]

**SO ORDERED,** this the 16th day of August, 2005.

        /s/ Hugh Lawson
**HUGH LAWSON, Judge**

jmb

---

[1]Count I was not addressed in Defendant's Motion and is unaffected by this Order.

-11-