IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| **ELBERTA CRATE & BOX CO.,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **6:05-CV-3 (HL)** |
| **COX AUTOMATION SYSTEMS,** : | |
| **LLC,** : | |
| : | |
| **Defendant.** : | |
| : | |

## ORDER

Before the Court is Defendant's Motion to Transfer Venue (Doc. 26), in which Defendant asks the Court to transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division. For reasons explained herein, Defendant's Motion to Transfer Venue is denied.

**I. FACTS**

This case arises out of a contract for the sale of a manufacturing system designed to streamline Plaintiff's manufacturing process. After Plaintiff expressed an interest in streamlining its operations to an independent sales representative at a trade show, the representative put Plaintiff in touch with Defendant in order to purchase specialized machinery. After negotiation, Plaintiff agreed to purchase and Defendant agreed to design and build a manufacturing system Plaintiff could use in its facility. The agreement was

memorialized in a writing that contained numerous specifications, including the number of products the machine would be able to produce per second. The contract also provided that Defendant would warrant the machine and repair defects for a period of five years.

After the machine was delivered and installed, Plaintiff alleges it experienced problems with the machine's operation. Plaintiff contacted Defendant to attempt to repair the problems. When Defendant was unable to remedy the problems to Plaintiff's satisfaction, Plaintiff then contacted a local mechanic to attempt to remedy the problem. Eventually, Plaintiff removed the still malfunctioning machine from its manufacturing process, and filed suit in the Superior Court of Decatur County, Georgia. Defendant subsequently removed the case to this Court and now requests the Court to transfer the case to the Northern District of Illinois, Eastern Division.

II. ANALYSIS

A district court, which has proper venue, may transfer an action to any other district "where it might have been brought" if the "convenience of [the] parties and witnesses [and] the interest of justice" warrant such a transfer. 28 U.S.C. §1404 (2000).  The threshold question in determining if a change of venue is warranted, is whether the suggested forum is one in which the case could have been properly brought originally. If the suggested forum is one in which the case could have been brought, courts then undertake "an individualized case-by-case consideration of convenience and fairness." Van Dusen v.

Barrack, 376 U.S. 612, 622 (1964).

A. Proper Jurisdiction and Venue

Before the other convenience factors can be analyzed, a Court must determine whether the proposed district is one in which the claim could have been brought originally. The United States Supreme Court has interpreted this requirement to mean that (1) the suggested court must have proper subject matter jurisdiction, (2) the suggested court must be able to exercise personal jurisdiction over all defendants, and (3) venue must be proper in the suggested forum. Hoffman v. Blaski, 363 U.S. 353, 344 (1960). Additionally, the burden of establishing these jurisdictional and venue requirements is on the party moving for the transfer. In Richo Corp., 870 F.2d 570, 575 (11th Cir. 1989).

In this case, Defendant has failed to meet its burden. First, Defendant fails to even address whether the proposed district court would have proper subject matter jurisdiction over the claim or be able to exercise personal jurisdiction over Defendant. Second, although Defendant states that venue would be proper in the Norther District of Illinois, Eastern Division because all its members are Illinois residents, Defendant fails to state in which district within Illinois it resides. Under 28 U.S.C. § 1391(a)(1), even if all defendants reside in the same state, at least one defendant must reside in the particular district where the claim is brought in order for venue to be proper. As Defendant has established nothing more than it is a resident of the state of Illinois, the Court cannot determine whether venue would be proper in the proposed district.

B. Convenience and Fairness

Assuming the present claim could have been brought originally in the proposed district, the Court nevertheless finds that the Northern District of Illinois is no more convenient nor fair than the Middle District of Georgia. 28 U.S.C. §1404 sets out three main factors for courts to consider in determing whether a proposed district will be more convenient than the current district: the convenience of the parties, the convenience of the witnesses, and the interests of justice. In addition to these three factors courts also consider additional factors relevant to the determination. These additional factors include the following:(1) where the majority of the events at issue in the case took place; (2) the ability to compel the attendance of unwilling witnesses in the suggested forum; (3) the location of the physical evidence; and (4) the familiarity of the courts with the applicable law.[1] 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 111.13[1][b] (3d ed. 2005). Further, unless the plaintiff resides outside the chosen forum or the operative events occurred outside the forum, courts will accord great deference to the plaintiff's choice of forum. Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989).

   *i. Convenience of the Parties*

Defendant argues that the proposed forum would be more convenient for the parties. Defendant asserts that it only maintains a single facility located in the proposed district,

---

[1] Other factors, which are not relevant in this case, are also considered: (1) relative court congestion in both the present and proposed districts; and (2) the existence of a forum selection clause.

while Plaintiff maintains numerous facilities across the southeastern United States.[2] Defendant also argues that the case should be transferred to the proposed district because Plaintiff is a substantially larger entity that Defendant, which enjoys annual revenues of approximately twenty-five million dollars.

While some courts consider the relative financial means of the parties in determining whether a case should be transferred, those cases generally involve a large corporation litigating against an individual or small company. See Dwyer v. General Motors Corp., 853 F. Supp. 690, 694 (S.D.N.Y. 1994) (large corporation was better able to absorb litigation costs than was an individual plaintiff); Pennwalt Corp. V. Purex Industries, Inc., 659 F. Supp. 287, 290 (D.Del. 1986) (small company would be more inconvenienced than a much larger company). Here, although Plaintiff may be a slightly larger entity than Defendant, the Court is not persuaded that Defendant would be substantially more inconvenienced by trying this case in Georgia than Plaintiff would be if this case was tried in Illinois. Accordingly, because a transfer would merely shift the burden of litigating the case in a foreign district onto the Plaintiff, the convenience of the parties weighs in favor of preserving venue in Georgia. See Robinson v. Giamarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (denying transfer when it would merely shift balance of convenience to the other party).

---

[2]Plaintiff maintains two subsidiary operations in Florida and North Carolina.

*ii. Convenience of the Witnesses*

Defendant argues that most of the key witnesses are located in Illinois, and Plaintiff argues that most of the key witnesses are located in Georgia. Both parties include a long list of potential witnesses to support their positions, yet the overwhelming majority of the individuals listed are party witnesses or witnesses that are closely aligned with one party. These types of witnesses are presumed to be willing to testify in either forum despite inconvenience. See FUL Inc. V. Unified School Dist. No. 204, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993). Accordingly, the location of party witnesses is afforded little weight.

In contrast, the location of key non-party witnesses is afforded more weight in the transfer analysis because they may be unwilling to testify, and the district in which the case is tried has a direct effect on whether parties can compel non-party witnesses to testify. In this case, the local mechanic that attempted to remedy the alleged defect in the machine is the only key witness that is not aligned with either party. As he resides in this district and could not be compelled to testify in the proposed district,[3] the convenience of the non-party witness in this case weighs in favor of preserving venue in the present forum.

*iii. The Location Where the Majority of the Events Occurred*

Defendant argues that the contract, which is at issue, has more connections with Illinois than Georgia. Defendant asserts the contract was not formed in Georgia, but formed in Illinois when the Plaintiff accepted "by communicating with [Defendant] in Illinois."

---

[3] Generally witnesses that reside more than 100 miles from the court in which the case is tried cannot be compelled to testify. Fed. R. Civ. P. 45(e).

Defendant also argues that the contract was performed in Illinois because the machine was designed, manufactured, and tested in Illinois.

The remaining claims[4] in this case are claims for breach of contract and breach of the implied warranty of merchantability. Plaintiff alleges that the machine did not originally and does not now perform at the specifications called for in the contract, and that Defendant has failed to repair the machine so that it can operate at those specifications. Thus, the crux of Plaintiff's claim is Defendant's alleged failure to deliver a machine that complied with the terms of the contract. Although the machine was designed, manufactured, and preliminarily tested in Illinois, the machine was delivered, installed, operated, and repaired in Georgia. Because it is Defendant's alleged failure to deliver or repair the machine so that it operated at the specifications provided in the contract that is the basis of Plaintiff's claim, the Court finds that the majority of relevant events occurred in the present forum.

*iv. The Location of Physical Evidence*

Defendant argues that this case should be transferred to Illinois because the overwhelming majority of the relevant evidence is located in Illinois. Defendant asserts that all the relevant documentation that details the machine's design, manufacture, and testing is located at its plant in Illinois. Yet, as discussed above, Plaintiff's claim is centered around

---

[4]Plaintiff's breach of the covenant of good faith and fair dealing, recision for nonperformance, and attorneys' fees claims were dismissed pursuant to the Court's order dated August 16, 2005.

the performance of the machine after it was installed and Defendant's alleged failure to remedy the problem. Further, Defendant fails to provide the Court with any estimate of the amount of documentation located in Illinois. Without more information about the volume of evidence located in Illinois, the Court cannot conclude that the location of the relevant evidence weighs in favor of transferring the case.

   *v. Court's Familiarity with the Applicable Law*

Defendant argues that because the contract contains an Illinois choice of law clause and the proposed district in Illinois is more familiar with the controlling law, that the case should be transferred. Generally, courts sitting in the state whose substantive law applies are favored in determining whether a case should be transferred. Van Dusen, 376 U.S. at 645.  Yet, when the claim involves a relatively simple area of law, this factor is afforded little weight. See Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992) (common law fraud and breach of contract claims neutralize this factor). Thus, because the present case involves a relatively simple area of law, contracts, the fact that Illinois substantive law will govern the contract does not warrant a transfer.

   *vi. Plaintiff's Choice of Forum*

Finally, Defendant argues that Plaintiff's choice of forum should be given little weight because most of the operative events took place in Illinois. Generally, a plaintiff's choice of forum is afforded significant weight and will not be disturbed unless the other factors substantially weigh in favor of transfer. Peteet, 868 F.2d at 1436.

In this case the convenience factors do not substantially weigh in favor of transfer. First, because a transfer would only shift the inconvenience experience by Defendant onto Plaintiff, the convenience of the parties factor weighs against transfer. Second, while key witnesses aligned with both parties reside in both forums, the only non-party witness resides in the current forum. Thus, because the non-party witness would be inconvenienced and could not be compelled to testify, the convenience of the witnesses factor weighs against transfer. Third, although some events took place in Illinois, the majority of events central to Plaintiff's claim occurred in Georgia. Accordingly, the location of the operative events factor also weighs against transfer.  Fourth, because Defendant failed to provide the Court with any estimate of the amount of documentation, the fact that some documents concerning  the machine's design, manufacture, and initial testing are located in Illinois, is not enough to warrant a transfer. Finally, although Illinois substantive law controls this case, Plaintiff's claims involve a relatively simple area of law. Thus, the court's familiarly with the applicable law factor does not weigh in favor of transferring the case.

Therefore, because the factors do not substantially weigh in favor of transferring the case, Plaintiff's choice of forum is entitled to considerable weight. Further, when Plaintiff's choice of forum is combined with the Court's determinations regarding the other convenience factors, there is overwhelming support for retaining the case in this district.

**III. CONCLUSION**

For the forgoing reasons, Defendant's Motion to Transfer Venue is denied.

**SO ORDERED**, this the 29th day of November, 2005.

                                        **/s/ Hugh Lawson**
                                        **HUGH LAWSON, Judge**

scs